This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 34,382**

**ASHLEY TRAHAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Defendant Ashley Trahan ("Defendant") appeals her conviction in metropolitan

court for driving while under the influence of intoxicating liquor or drugs (DWI), arguing a lack of probable cause to arrest and insufficient evidence to convict. [DS 1, 18, 19; RP 81] Following her conviction, Defendant pursued an appeal in the district court in which she asserted precisely the same arguments that she asserts before this Court. [RP 43] This Court's calendar notice observed that no new arguments are being asserted in this appeal and that the district court's memorandum opinion affirming Defendant's conviction "addresses all the arguments raised by Defendant in this appeal" and "is thorough, extensive, and well-reasoned." [CN 2] As a result, we proposed to adopt that memorandum opinion in its entirety. [Id.] Our calendar notice also directed Defendant to "specifically direct" this Court's attention to any portion of the district court's opinion that she claims to contain error, whether factual or legal. [Id.]

{2} Rather than point out any specific error, however, Defendant has now filed a memorandum in opposition to this Court's proposed disposition in which she again repeats the factual recitations and arguments that she asserted in her statement of issues before the district court. As a result, we must again note that the district court's memorandum opinion, which we have already described as "thorough, extensive and well-reasoned," addresses all of these facts and arguments. [CN 2]

{3} With regard to the facts of this case, Defendant's memorandum in opposition

devotes fourteen pages to repeating—largely verbatim—the facts recited in her docketing statement, which were, in turn, a largely verbatim repetition of the facts recited in the statement of issues filed with the district court. [*Compare* MIO 1-14 *with* DS 1-15 *and* RP 43-55] We note that the district court's "thorough, extensive and well-reasoned" memorandum opinion also recites the facts of this case. [RP 67-73] As we have proposed to adopt that recitation of the facts as our own, Defendant's burden in connection with her memorandum in opposition was to "clearly point out" any errors in that factual recitation. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (reciting that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). Defendant's memorandum, however, does not address whether any of the facts asserted are contrary to those relied on by the district court in its memorandum opinion or by this Court's proposed adoption of that opinion in our notice of proposed disposition. The repetition of facts already known to this Court is not an efficient use of counsel's or this Court's time, and is of little use in assessing whether this Court should proceed with its proposed summary disposition. More importantly, doing so does not satisfy an appellant's burden to clearly point out error in the proposed disposition. *See id.*

{4}     With regard to potential legal error in this Court's proposed disposition,

Defendant's memorandum asserts that her arrest was not based upon probable cause, since "[t]he totality of the evidence shows that other factors than alcohol were responsible for the officer's observations which he interpreted as signs of alcohol intoxication." [MIO 15] The opinion of the district court addressed this argument by construing it as an invitation to reweigh the evidence presented to the trial court. [RP 76] Deciding what weight to give the evidence presented at trial, however, is the province of the trier of fact, and appellate courts will not invade that province by second-guessing or reweighing that evidence. *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. In this case, Defendant asks this Court—as she asked the district court—to determine that the evidence supporting the officer's belief she was under the influence of alcohol was outweighed by evidence that "other factors" led to that belief. [MIO 15] The district court properly rejected this argument, and we do the same.

{5}    Accordingly, for the reasons set forth in our notice of proposed summary disposition and in the district court's memorandum opinion, Defendant's conviction is affirmed.

{6}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

4

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**